UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES D. MASSEY and <br> DENNIS E. MURRAY, <br><br> Plaintiffs, <br><br> v. <br><br> MERRILL LYNCH & Co., INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br> 1:04-cv-1049-RLY-VSS |

**ENTRY ON MOTION TO DISMISS**

This matter is before the court on Defendant's Motion to Dismiss the Amended Complaint. For the reasons set explained below, the court **GRANTS** Defendant's motion.

**I.    Factual and Procedural Background**

Plaintiffs James D. Massey and Dennis E. Murray were both members of the board of directors of Conseco, Inc. ("Conseco"), from 1994 to 2000, and also owned shares of stock in the company for a long period of time. (Amended Complaint ¶¶ 3-4). While on Conseco's board of directors, plaintiffs were part of the board's Audit Committee. (*Id*. ¶ 17). Defendant, Merrill Lynch is a company that provides investment banking advice and services. (*Id*. ¶ 35).

This lawsuit stems from services that defendant provided to Conseco in the

-1-

acquisition of Green Tree Financial Services Corporation ("Green Tree").  (*Id*. ¶¶ 36-37).  Green Tree's business involved the origination, purchase, and sale of loans, some of which consisted of interest-only securities.  (Amended Complaint ¶¶ 18, 28).  Plaintiffs allege that defendant provided both written and oral opinions as to whether the consideration to be paid by Conseco for the acquisition of Green Tree was fair to Conseco from a financial point of view.  (*Id*. ¶ 37).  Plaintiffs claim that defendant's recommendation that the purchase of Green Tree was fair amounted to both fraud and breach of fiduciary duty.   (*Id*. ¶¶ 66, 74-79).   Furthermore, plaintiffs contend that they were injured because the acquisition of Green Tree caused Conseco to go from a $10 billion company to bankruptcy.  (*Id*. ¶ 56).  They claim that they were damaged because the purchase of Green Tree caused their Conseco stock to be virtually worthless.  (*Id*. ¶ 61).  Plaintiffs suggest that they held on to Conseco stock that they had already purchased and obtained loans for the purchase of additional stock through Conseco's D & O Program, all of which they would have never done had it not been for defendant's opinions concerning Green Tree.  (*Id*. ¶¶ 61-62).

On February 22, 2005, defendant filed a motion to dismiss alleging that the claims for fraud and breach of fiduciary duty in plaintiffs' Amended Complaint should be dismissed for failure to state a claim. (Memorandum of Law in Support of Motion to Dismiss Amended Complaint at 12).

## II.     Legal Standards

When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded factual allegations contained in the complaint, as well as the inferences reasonably drawn therefrom.  *See Baxter by Baxter v. Vigo County Sch. Corp.,* 26 F.3d 728, 730 (7th Cir. 1994).  A dismissal is only appropriate if the plaintiff can establish no set of facts, even if hypothesized, consistent with the allegations of its complaint that would entitle it to relief.  *See Sanjuan v. Am. Bd. Of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994), *cert. denied,* 516 U.S. 1159 (1996).  Moreover, the court must only examine the complaint, and not the merits of the lawsuit.  *See Autry v. Northwest Premium Servs., Inc.,* 144 F.3d 1037, 1039 (7th Cir. 1998).

## III.    Analysis

### A.     Motion to Dismiss

Plaintiffs bring this action because of a reduction in the value of Conseco stock. However, they filed suit as individuals in their names only and not on behalf of Conseco. This, they can not do.  Plaintiffs, if they are to maintain an action against defendant, must bring their claims in the form of a derivative action.[1]

A derivative action is a suit that is asserted by a shareholder against a third party

---

[1] Defendant raises several other theories as to why this suit should be dismissed. However, because the court concludes that it should be dismissed as a result of plaintiffs' failure to bring a derivative action, the court declines to address defendant's other arguments.

on behalf of a corporation because the corporation has failed to take action against the third party. BLACK'S LAW DICTIONARY 472 (7th ed. 1999). This is in contrast to a direct action which the Indiana Supreme Court[2] has defined as an action that is initiated by a shareholder on his own behalf to vindicate rights that belong to the shareholders themselves. *G & N Aircraft, Inc. v. Boehm*, 743 N.E.2d 227, 234 (Ind. 2001).[3] In recognition of this distinction, shareholders are generally precluded by Indiana courts from maintaining actions in their own name to redress injuries to the corporation. *Marcuccilli v. Ken Corp.*, 766 N.E.2d 444, 449 (Ind. Ct. App. 2002). This is true even if the value of the shareholder's stock is impaired as a result of the injury to the corporation. *Hubbard v. Tomlinson*, 747 N.E.2d 69, 71 (Ind. Ct. App. 2001). There are strong public policy considerations for this rule. As the Indiana Court of Appeals noted, "[i]t is recognized that authorization of shareholder actions in such cases would constitute authorization of multitudinous litigation and disregard of the corporate entity. Sound policy considerations have been said to require that a single action be brought rather than to permit separate suits by each shareholder . . . ." *Moll v. South Central Solar Systems, Inc.*, 419 N.E.2d 154, 161 (Ind. Ct. App. 1981). It is for this same reason that the court

---

[2] This is a suit based on the court's diversity jurisdiction. While a federal court sitting in diversity jurisdiction shall apply its own procedural laws, it must apply the substantive laws of the state in which it sits. *First Nat. Bank and Trust Corp. v. American Eurocopter Corp.*, 378 F.3d 682, 689 (7th Cir. 2004). The court must, therefore, apply Indiana substantive law.

[3] Examples of the typical direct action include suits to enforce the right to vote, compel dividends, prevent oppression or fraud against the minority shareholders, inspect the corporate books, and compel shareholder meetings. *Boehm*, 743 N.E.2d at 234.

concludes that plaintiffs may not maintain a direct action.

In this case plaintiffs have clearly alleged facts that give rise to a derivative, not a direct, action. Plaintiffs specifically allege that defendant owed "a duty of good faith and fair dealing . . . toward Conseco." (Amended Complaint ¶ 39). Plaintiffs demonstrate that the injury was ultimately an injury to the corporation. They state that "[b]ecause of the acquisition of Green Tree, Conseco went from being a company worth more than $10 billion to a company worth virtually nothing." (*Id.* ¶ 56). Finally, plaintiffs argue that they were damaged by a reduction in the value of their stock.[4] (*Id.*). Such an injury gives rise to a derivative action, but not a direct one. Holding differently would permit the type of "multitudinous litigation" that the Indiana Court of Appeals sought to avoid in *Moll*. If the court were to permit this suit to continue as a direct action, defendant would be subject to lawsuits by any Conseco shareholder who was allegedly damaged by defendant's action, a result the Indiana courts specifically wished to avoid. Because plaintiffs have alleged facts that give rise to a derivative action, their complaint fails to state a claim.

---

[4] Plaintiffs attempt to suggest that their injury is somehow special because they borrowed money to purchase Conseco stock through the D & O program. However, the injury they assert is nothing more than a claim based on the reduction in the value of their stock. If the court were to rule otherwise, then the individuals who invested their own money in Conseco somehow would not have a direct cause of action while the plaintiffs who borrowed money to purchase stock would. Indiana's rules concerning direct and derivative actions simply do not call for such a distinction.

### B. Request to Amend the Complaint

Plaintiffs request that if the court dismisses their Amended Complaint, they be granted leave to amend. The court denies this request because to do so would be futile. Plaintiffs have failed to cure any deficiencies in any of their previous Complaints. Indeed, in this, their third Complaint, plaintiffs simply rehash their earlier allegations, demonstrating that plaintiffs cannot state a claim against defendant. Accordingly, the court dismisses this case with prejudice. *See Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001) (district court did not abuse its discretion in denying amendment on the grounds that it would have been futile); *Mings v. Wal-Mart Stores, Inc.*, No. 1:04-cv-0584-RLY-TAB, 2005 WL 115510, at *6 (S.D. Ind. Jan. 18, 2005).

### IV. Conclusion

For the reasons outlined above, defendant's motion to dismiss for failure to state a claim is **GRANTED** and plaintiffs' Amended Complaint is **DISMISSED** with prejudice.

**SO ORDERED** this 20th day of July 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Anne N. DePrez
BARNES & THORNBURG
adeprez@btlaw.com

Carol A. Nemeth
PRICE WAICUKAUSKI RILEY & DEBROTA
cnemeth@price-law.com

Henry J. Price
PRICE WAICUKAUSKI RILEY & DEBROTA
hprice@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI RILEY & DEBROTA
rwaicukauski@price-law.com